IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BILLY RAY SMITH, | : | 1:11-cv-221 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**March 8, 2012**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 28), filed on February 17, 2012, which recommends that this action be dismissed without prejudice, and that Plaintiff Billy Ray Smith ("Plaintiff" or "Smith") be allowed an opportunity to amend his complaint. On February 27, 2012, Plaintiff filed objections to the R&R. For the reasons set forth below, the Court will adopt the R&R.

**I.    STANDARD OF REVIEW**

When, as here, objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28

U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. DISCUSSION

*Pro se* Plaintiff, a federal inmate currently imprisoned at a private facility in North Carolina, filed this action on January 31, 2011 against a single defendant, the United States of America ("Defendant"). (Doc. 1). Smith contends that, at some unspecified time prior to April of 2010, an "unknown white female" employee of the Low Security Correctional Institution, Allenwood, "drew study blood [from Smith] with hypodermic syringes contaminated with rampant Hepatitis-C infecting Afro-America."[1] (Doc. 1, p. 1). Plaintiff asserts that, through this medical procedure, the United States intentionally injected Hepatitis-C into his body without

---

[1] Although Plaintiff's complaint mentions the date March 24, 2010 (Doc. 1, p. 1), and Smith's brief (Doc. 9 p. 2) cites March 24, 2010 as the date of infection, no date can be ascertained with certainty because Plaintiff's objections point to February 25, 2010 (Doc. 29, p. 1).

his consent. Smith filed this claim pursuant to the Federal Tort Claims Act ("FTCA") and seeks damages totaling $100,000,000.

Along with his complaint, Smith filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). By Order dated April 13, 2011, we granted Plaintiff's *in forma pauperis* request and directed service of the complaint. (Doc. 10). On June 27, 2011, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 13). After the Motion was fully briefed, Magistrate Judge Carlson issued the instant R&R, determining that Plaintiff's amended complaint fails to state a claim upon which relief may be granted and thus recommending that the Motion be granted. Magistrate Judge Carlson lists three reasons why the claim fails under the FTCA. First, constitutional tort claims against the United States are barred by sovereign immunity, absent an explicit waiver of that immunity, and no such waiver was issued in this instance. Second, the FTCA requires claims to comport with the laws of the state in which the tortious action occurred. However, Smith failed to satisfy the Pennsylvania rule that a plaintiff present "expert opinions that the alleged act or omission of the defendant physician or hospital personnel fell below the appropriate standard of care in the community, and that the negligent conduct caused the injuries for which recovery is sought." *Simpson v. Bureau of Prisons,* No. 02-2213, 2005 WL 2387631, at *5

(M.D. Pa. Sept. 28, 2005).[2] Third, Smith's claim of assault by federal medical personnel is unavailing because as the United States is immune from liability for "[a]ny claim arising out of assault, battery, . . . or interference with contract rights." 28 U.S.C. § 2680(h).

Rather than address the merits of the reasoning and law applied by Magistrate Judge Carlson in the R&R, in his objections (Doc. 29) Plaintiff accuses several the nurses at FCI-Allenwood, the United States of America and Magistrate Judge Carlson, of committing fraud in the handling of his medical treatment and the process of this litigation. These allegations, in addition to being out of place in objections to the R&R, are patently frivolous and warrant no further consideration.

Magistrate Judge Carlson recommends, consistent with the precedent of *Alston v. Parker*, 363 F. 3d 229 (3d Cir. 2004), that the Plaintiff be given an opportunity to correct the deficiencies in his complaint by dismissing the deficient complaint at this time without prejudice to one final effort by Smith to comply with the rules governing civil actions in federal court, by filing an amended complaint containing any timely and proper claims which he may have.  We specifically advise Plaintiff to *carefully* review pages 10 to 18 of the Magistrate Judge's R&R,

---

[2] This requirement is imposed upon malpractice plaintiffs like Smith by  Pennsylvania Rule of Civil Procedure 1042.3 which requires the filing of a valid certificate of merit along with the malpractice claim.  Further, Magistrate Judge Carlson correctly determined that Pennsylvania applies this standard to *pro se* litigants.

wherein the Magistrate Judge describes the deficiencies in Plaintiff's complaint in detail. (Doc. 28). Notably, as currently written, the Plaintiff's complaint clearly fails to comport with the predicates of a cognizable FTCA claim. However, Smith may be able to rectify this by following Pennsylvania Rule of Civil Procedure 1042.3 which Magistrate Judge Carlson reproduced on page 12 of his R&R and then further explained on page 13.

Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.[3] With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.

---

[3] We note that this includes Magistrate Judge Carlson's recommendation that the Court strike Smith's claim for the specific sum of unliquidated damages in the amount of $100,000,000. Magistrate Judge Carlson correctly determined that this violated Local Rule 8.1 which states, in part, that in a demand for relief pursuant to Federal Rule of Civil Procedure 8(a)(3) the moving party "shall not claim any specific sum where unliquidated damages are involved." Inasmuch as we are dismissing the action, we need not formally strike the damages figure. We caution Plaintiff however that if he chooses to amend he should not repeat this transgression.